UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                                                                          Hon. James W. Boyd

SUSAN JANE MEKULA,                                              Case No. 14-01991-JB

                                                                                                Chapter

              Debtor.
_____/

ORDER GRANTING MOTION FOR APPROVAL OF STIPULATION
FOR SETTLEMENT BETWEEN TRUSTEE AND DEBTOR
REGARDING NON-EXEMPT PROPERTY

At a session of said Court of Bankruptcy, held in and for
said district on this date.

PRESENT:    Honorable James W. Boyd
                        United States Bankruptcy Judge

Kelly M. Hagan, the chapter 7 trustee ("Trustee"), having entered into a stipulation for settlement with Debtor regarding Debtor's non-exempt property; Trustee having filed a motion for its approval; notice of said motion having been served upon all parties in interest; there being no timely objections, responses or requests for hearing on said motion; and the Court being fully advised in the premises;

IT IS ORDERED that the *Motion for Approval of Stipulation for Settlement Between Trustee and Debtor Regarding Non-Exempt Property* is granted and the *Stipulation for Settlement Between Trustee and Debtor Regarding Non-Exempt Property* is approved.

IT IS FURTHER ORDERED that Debtor will pay Trustee, for the benefit of the estate, $5,850 in full settlement of the non-exempt property.

IT IS FURTHER ORDERED that the amount due shall be paid in 24 consecutive monthly payments of $265, which includes interest at 5% and $10 per month to cover bank service charges while these accounts remain open.  Payments shall commence no later than 14 days after entry of the order approving the stipulation, and shall continue each month thereafter until paid in full.

IT IS FURTHER ORDERED that until this obligation is paid in full, Debtor will maintain insurance coverage on the property at all times, naming the bankruptcy estate as additional insured. Further, if the policy expires or is canceled, Trustee may purchase insurance at the expense of Debtor,

which will be added to the balance due.  Within 14 days after entry of the order approving the stipulation, Debtor will provide Trustee with proof of insurance for the property reflecting the bankruptcy estate as an additional insured.

      IT IS FURTHER ORDERED that within 14 days after entry of the order approving the stipulation, Debtor will provide Trustee with a current phone number, mailing address, and electronic mail address, if applicable, and will notify Trustee within 30 days of any changes thereto until this obligation is paid in full.

      IT IS FURTHER ORDERED that if Debtor fails to abide by any of the terms of the stipulation, then Debtor will be deemed in default and the total amount due and owing will become immediately due and payable to the bankruptcy estate.

Prepared by: Kelly M. Hagan (P60967), Hagan Law Offices PLC,
P.O. Box 6844, Traverse City, MI 49696 (231) 938-7095

**END OF ORDER**

**IT IS SO ORDERED.**

**Dated July 18, 2014**



James W. Boyd
United States Bankruptcy Judge